# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HELAL DAOUD, | : | |
| Plaintiff, | : | Case No. 2:25-cv-00360 |
| vs. | : | Judge Michael H. Watson |
| CITY OF COLUMBUS, | : | Magistrate Judge Elizabeth A. Preston Deavers |
| Defendant. | : | |

## ANSWER OF DEFENDANT CITY OF COLUMBUS
## (JURY DEMAND ENDORSED HEREON)

Now comes Defendant, City of Columbus, by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1. As to the allegations contained in Paragraph 1 of the Complaint, Defendant admits only that Plaintiff: (i) seeks economic, compensatory, and punitive damages; declaratory, injunctive, and equitable relief; prejudgment and post-judgment interest; and attorneys' fees and costs; and (ii) alleges that Defendant violated the Reconstruction Era Civil Rights Act, 42 U.S.C. § 1981, and the Ohio Laws Against Discrimination, R.C. Chapter 4112. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute subject matter jurisdiction.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that Plaintiff is not entitled to and cannot recover from Defendant compensatory and/or punitive damages.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant states that Plaintiff is not entitled to and cannot recover from Defendant costs and/or attorneys' fees.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute venue.

8. As to the allegations contained in Paragraph 8 of the Complaint, Defendant admits that Plaintiff was employed by Defendant as a Patrol Officer for approximately six and a half years and was the member of a bargaining unit. Defendant further admits that Plaintiff had the opportunity for overtime and special duty and was entitled to benefits during his employment with Defendant. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint for lack of knowledge.

9. As to the allegations contained in Paragraph 9 of the Complaint, Defendant denies that it subjected Plaintiff to race discrimination by terminating his employment for alleged misconduct while retaining non-protected similarly situated employees who engaged in the same, similar, and/or worse conduct than him. Defendant admits the remaining allegations contained in Paragraph 9 of the Complaint.

10. As to the allegations contained in Paragraph 10 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant as a Patrol Officer from June 20, 2016 until his termination, effective December 8, 2022. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint for lack of knowledge.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 for lack of knowledge.

13. As to the allegations contained in Paragraph 13 of the Complaint, Defendant admits only that Plaintiff was a recruit at the Columbus Police Academy from June 20, 2016 to January 6, 2017. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. As to the allegations contained in Paragraph 14 of the Complaint, Defendant admits only that Plaintiff had compliments in his file, received the First Aid/Lifesaving Award, and received the Physical Fitness Award. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. As to the allegations contained in Paragraph 17 of the Complaint, Defendant admits only that the caller's report mentioned a "black hoodie." Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge.

22. As to the allegations contained in Paragraph 22 of the Complaint, Defendant admits only that Plaintiff exited his Police cruiser and stepped onto the porch/patio area, and radioed for assistance/backup over his Police-issued radio. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint for lack of knowledge.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. As to the allegations contained in Paragraph 24 of the Complaint, Defendant admits only that Plaintiff called for backup and drew his service weapon. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. As to the allegations contained in Paragraph 25 of the Complaint, Defendant admits only that Plaintiff kicked the door open. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge.

32. As to the allegations contained in Paragraph 32 of the Complaint, Defendant admits only that Sergeant Jeremy Goldstein submitted a report to Lieutenant Sanderson. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits that it initiated an Internal Affairs Bureau ("IAB") investigation into Plaintiff's conduct related to the December 15, 2021 incident in or around January of 2022.

34. As to the allegations contained in Paragraph 34 of the Complaint, Defendant admits only that Lieutenant Sanderson interviewed Plaintiff about the December 15, 2021 incident on January 27, 2022. Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. As to the allegations contained in Paragraph 35 of the Complaint, Defendant admits only that Plaintiff indicated to Lieutenant Sanderson that he did not review his body camera footage prior to his investigative interview. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. As to the allegations contained in Paragraph 37 of the Complaint, Defendant denies that the recommended discipline was limited to the matters identified in Paragraph 37 of the Complaint. Defendant admits the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. As to the allegations contained in Paragraph 40 of the Complaint, Defendant admits only that Lieutenant Sanderson concluded that Plaintiff had been untruthful during his

investigatory interview. Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. As to the allegations contained in Paragraph 42 of the Complaint, Defendant admits only that Officer Michael Kowaleski arrived on scene on December 15, 2021. Defendant denies that Officer Kowaleski was present at roll call with Plaintiff on December 15, 2021 for lack of knowledge. Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. As to the allegations contained in Paragraph 43 of the Complaint, Defendant admits only that Plaintiff called Sergeant Goldstein and sent Sergeant Goldstein pictures of the door jam/damage. Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44. Defendant admits the allegations contained in Paragraph 44 of the Complaint.

45. As to the allegations contained in Paragraph 45 of the Complaint, Defendant admits only that Commander Gardner recommended "documented Constructive Counseling" and training as well as deviation from progressive discipline in accordance with the Discipline Tracking System. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. As to the allegations contained in Paragraph 46 of the Complaint, Defendant admits only that Plaintiff was reassigned from his patrol duties on or about March 25, 2022. Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

47. As to the allegations contained in Paragraph 47 of the Complaint, Defendant admits that, at the time of his reassignment, Plaintiff had not been notified of departmental charges

pending against him. Defendant denies the remaining allegations contained in Paragraph for lack of knowledge.

48. As to the allegations contained in Paragraph 48 of the Complaint, Defendant admits only that Plaintiff utilized his available leave time balances after his reassignment. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint for lack of knowledge.

49. Defendant admits the allegations contained in Paragraph 49 of the Complaint.

50. As to the allegations contained in Paragraph 50 of the Complaint, Defendant admits only that Plaintiff appeared, testified, and presented information at a hearing before Chief of Police Elaine Bryant on April 28, 2022. Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. As to the allegations contained in Paragraph 52 of the Complaint, Defendant admits that Chief Bryant sustained both Charges against Plaintiff and recommended to Defendant's then-Director of Public Safety, Robert Clark, that Plaintiff be issued a suspension of 240 working hours and termination.

53. As to the allegations contained in Paragraph 53 of the Complaint, Defendant admits only that Plaintiff appeared at a hearing before Director Clark, on August 11, 2022. Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. As to the allegations contained in Paragraph 54 of the Complaint, Defendant admits only that on August 11, 2022, at the conclusion of the Safety Director's Hearing, Director Clark used words to the effect that that everyone involved be interviewed and everything evaluated. Defendant denies the remaining allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint

56. As to the allegations contained in Paragraph 56 of the Complaint, Defendant admits only that Plaintiff was not issued discipline for violating Rules of Conduct 1.15 or 1.18 after June 2, 2021, and prior to December 8, 2022. Defendant denies the remaining allegations contained in Paragraph 56 of the Complaint.

57. As to the allegations contained in Paragraph 57 of the Complaint, Defendant admits only that Plaintiff was assigned law enforcement tasks while on administrative duty between March 25, 2022 and December 8, 2022, and reported to Sergeant Joshua Daugherty during that time. Defendant denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59. As to the allegations contained in Paragraph 59 of the Complaint, Defendant admits only that Plaintiff filed a Charge of Discrimination against Defendant with the Ohio Civil Rights Commission alleging race discrimination and attached a copy of the Notice of Right to Sue letter to the Complaint as Exhibit A thereto. Defendant denies the remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. As to the allegations contained in Paragraph 62 of the Complaint, Defendant admits only that Sergeant Jeremy Goldstein is white and was Plaintiff's supervisor. Defendant denies the remaining allegations contained in Paragraph 62 of the Complaint.

63. As to the allegations contained in Paragraph 63 of the Complaint, Defendant admits only that Defendant did not terminate Sgt. Goldstein's employment. Defendant denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 and its subparagraphs of the Complaint, with the following exceptions:

   a. As to the allegations set forth in Paragraph 64.a., Defendant admits only that Officer Mark Murray is a Caucasian male who was not terminated as a result of the findings of IAB Investigation #201604-1035;

   b. As to the allegations set forth in Paragraph 64.b., Defendant admits only that Officer Rodney Reed is a Caucasian male, received a written reprimand and eight-hour suspension, and was not terminated as a result of the findings of IAB Investigation #201909-1017;

   c. As to the allegations set forth in Paragraph 64.c., Defendant admits only that Officer Matthew Deerwester is a Caucasian male, was not terminated, was required to attend training as a result of the findings of IAB Investigation #202103-1054, and the Firearms/Police-Involved Death Review Board stated that "Officer Deerwester's shots were **objectively unreasonable**" and "Officer Deerwester's discharge[] of [his] Division issued firearm[] [was] '**Intentional and In violation of policy**'" relating to IAB Investigation #202103-1054;

   d. As to the allegations set forth in Paragraph 64.d., Defendant admits only that Officer Michael Neal is a Caucasian male, was not terminated, was issued two 80-hour suspensions as a result of the findings of IAB Investigation #202103-1054, and the Firearms/Police-Involved Death Review Board stated that "Officer Neal's shots were **objectively unreasonable**" and "Officer Neal's… discharge[] of [his] Division issued firearm[] [was] '**Intentional and In violation of policy**'" relating to IAB Investigation #202103-1054;

9

   e. As to the allegations set forth in Paragraph 64.e., Defendant admits only that Officer Zachary Rosen is a Caucasian male and was not charged with violating Rule of Conduct 1.15 in IAB Investigation #201705-1012.

65. As to the allegations contained in Paragraph 65 and its subparagraphs of the Complaint, Defendant admits that: (1) the individuals identified are Caucasian and their genders are accurately reflected in the subparagraphs of Paragraph 65; and (2) the incident dates are accurately reflected in the subparagraphs of Paragraph 65. Defendant denies the remaining allegations contained in Paragraph 65 and its subparagraphs of the Complaint, with the following exceptions:

   a. As to the allegations set forth in Paragraph 65.a., Defendant admits only that the officer received a Documented Constructive Counseling; and

   b. As to the allegations set forth in Paragraph 65.b., Defendant admits only that the officer received a Documented Constructive Counseling.

66. As to the allegations contained in Paragraph 66 and its subparagraphs of the Complaint, Defendant admits that Plaintiff was provided a "Notification of Internal Investigation, Rights, and Administrative Order to Submit to Interview" on or about January 27, 2022, which stated that Lieutenant Sanderson was "investigating misconduct that occurred On December 15, 2021 at 3:51 PM. The location of the misconduct is 1890 South 4th Street, Incident #210946311. The misconduct involves the forced entry that [Plaintiff] performed on the door of 1890 South 4th Street." In further answering, Defendant admits that Officer Murray was provided a "Notification of Internal Investigation, Rights, and Administrative Order to Submit to Interview," which stated that a citizen "alleges Officer Mark Murray made false statements in the arrest paperwork, did not have consent to search the vehicle she was in and refused to stop searching once he was advised

to stop." Additionally, Defendant admits that Officer Rosen was provided a "Notification of Internal Investigation, Rights, and Administrative Order to Submit to Interview," which stated that Officer Rosen "responded to a dispatched call for service involving a person with a gun. Officer Stephens #2829, 2C3 arrived on scene. Officer Stephens used force during his contact with and arrest of [a suspect]. Officer Rosen #2677 arrived on scene. Officer Rosen used a level 4 use of force on [the suspect]." Defendant denies the remaining allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint for lack of knowledge.

71. As to the allegations contained in Paragraph 71 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 70 of the Complaint as if restated herein.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. As to the allegations contained in Paragraph 74 of the Complaint, Defendant restates and incorporates by reference each and every response made to Paragraphs 1 through 73 of the Complaint as if restated herein.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. As to the WHEREFORE clause and subclauses contained in the Complaint, Defendant denies Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

78. Defendant denies each and every allegation in the Complaint not expressly admitted to herein.

## ADDITIONAL DEFENSES

79. Plaintiff fails to state a claim upon which relief can be granted.

80. Plaintiff failed to exhaust administrative remedies that are a pre-requisite to filing this action.

81. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

82. Defendant is entitled to qualified immunity as well as all applicable immunities, defenses, setoffs, and limitations on liability as set forth in Chapter 2744 of the Ohio Revised Code.

83. Plaintiff has failed to mitigate damages.

84. Plaintiff cannot recover attorney fees from Defendant.

85. Plaintiff cannot recover punitive damages from Defendant.

86. Defendant acted at all times reasonably and with business justification.

87. Defendant acted at all times in good faith and reasonably believed its conduct was in accordance with the law.

88. Defendant acted in a proper and non-discriminatory manner towards Plaintiff.

89. Any damages suffered by Plaintiff, which damages are denied, are the direct result of Plaintiff's own actions and failure to act and have not been caused by any conduct or actions of Defendant.

90. Defendant did not engage in any conduct that could support a claim for discrimination.

91. Plaintiff is estopped by his own conduct from bringing some or all of his claims.

92. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, res judicata, and/or collateral estoppel.

93. Defendant reserves the right to assert additional affirmative defenses to the extent such defenses are discovered during the course of this litigation.

## JURY DEMAND

Defendant demands a trial by jury as to all issues so triable.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN, CITY ATTORNEY**

s/ Leigh B. Joyce
Leigh B. Joyce (0099821) - Trial Attorney
James A. Hogan (0071064)
Assistant City Attorneys
77 North Front Street, 4th Floor
Columbus, OH  43215
(614) 645-7385 phone
(614) 645-6949 fax
lbjoyce@columbus.gov
jahogan@columbus.gov

*Counsel for Defendant City of Columbus*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 11, 2025, I electronically filed the foregoing with the Court using the Court's CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

s/ Leigh B. Joyce
Leigh B. Joyce
Assistant City Attorney
